NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ERIK Y. SARAVIA, | : | |
| | : | Civil No. 20-9799(RMB-SAK) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| CAMDEN COUNTY SUPERIOR COURT | : | |
| CRIMINAL DIVISION | : | |
| and JUDGE JOHN DOE, | : | |
| | : | |
| Defendants | : | |

BUMB, District Judge:

Plaintiff Erik Y. Saravia, a pretrial detainee confined at Camden County Correctional Facility in Camden, New Jersey, seeks to bring this action *in forma pauperis*, pursuant to 42 U.S.C. § 1983. He alleges violations of his due process rights by a state court judge presiding over his criminal case(s). Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to to 28 U.S.C. § 1915(e)(2)(B) and § 1915A to determine whether it

1

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I. THE COMPLAINT

In his Complaint, Plaintiff alleges that he appeared before a judge in Camden County Superior Court, Criminal Division for a pretrial release hearing on June 11, 2020. (Compl., ECF No. 1 at 4.) The Office of the Public Defender appointed Attorney Steven Salinger to represent Plaintiff. (Id. at 5.) Plaintiff alleges that Judge "John Doe" did not allow him to make a statement during the hearing, despite his "repeated attempts to do so," in violation of his right to due process. (Id. at 4.) Plaintiff further alleges that he attempted to appeal the pretrial release decision on two separate occasions, June 12, 2020 and June 4, 2020, before the seven-day deadline to appeal. (Id. at 4-6.) Plaintiff claims both appeal attempts were "ignored" by the Camden County Court, Criminal Division, in violation of his right to due process. (Id. at 6.) Finally, he states that he attempted to reach out to his public defender, Steven Salinger, but has not received a response. (Id.)

For relief, Plaintiff asks the Court to sanction Judge John Doe, and to have his pretrial release hearing heard by a "different and impartial judge."[1] (Id. at 6-7). Finally, he seeks monetary

---

[1] Petitioner filed a complaint for damages and injunctive relief, instead of a petition for writ of habeas corpus. Courts must

2

compensation for the pain and suffering he experienced and "permanent PTSD" he suffered as a result. (Id. at 7.)

II. STANDARDS FOR A SUA SPONTE DISMISSAL

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic

---

liberally construe pro se complaints; therefore, this Court has considered whether Petitioner states a habeas claim under 28 U.S.C. § 2241. Federal courts have jurisdiction under 28 U.S.C. § 2241 "to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States'" Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting Moore v. DeYoung, 515 F.2d 437, 442 n. 5 (3d Cir. 1975) (quoting 28 U.S.C. § 2241). "Nevertheless, that jurisdiction must be exercised sparingly … to prevent … 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" Id. at 4 (quoting Moore, 515 F.2d at 445–46.)) Pretrial habeas relief should be granted only under extraordinary circumstances, which are not present here because relief, if appropriate, is available in state court. See e.g., Gibbs v. Att'y Gen. of the State of New Jersey, No. CV 16-680 (SDW), 2016 WL 632228, at *2 (D.N.J. Feb. 17, 2016) (finding no extraordinary circumstances and failure to exhaust where the petitioner was "free to request further reductions in his bail in the state courts, or to otherwise appeal the denial of such requests.")

3

Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). A court must liberally construe a pro se complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

A. Judicial Immunity

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (quoting Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" Id. (citations omitted). Section 1983 claims for injunctive relief against judicial officers acting in their judicial capacities are also barred unless the plaintiff alleges

a declaratory decree was violated or that declaratory relief was unavailable. Azubuko, 443 F.3d at 304 (citing 42 U.S.C. § 1983).

Plaintiff has not alleged any facts that suggest Judge John Doe acted in clear absence of jurisdiction in presiding over his state court case or that he violated a declaratory decree or that declaratory relief is unavailable in the state courts. Therefore, Judge John Doe is immune from Plaintiff's § 1983 claims, and the Court will dismiss the claims with prejudice.

    B.    <u>Sovereign Immunity</u>

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Supreme Court stated:

> That a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given . . .

Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (quoting Ex parte State of New York No. 1, 256 U.S. 490, 497 (1921)). "The State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court." Mierzwa

v. U.S., 282 F. App'x 973, 976 (3d Cir. 2008) (citing Ritchie v. Cahall, 386 F.Supp. 1207, 1209-10 (D.N.J. 1974)).

Eleventh Amendment immunity protects state agencies when "the state is the real party in interest." Beightler v. Office of Essex County Prosecutor, 342 F. App'x 829, 832 (3d Cir. 2009) (quoting Fitchik v. New Jersey Transit Rail Operations, 873 F.2d 655, 658 (3d Cir.1989) (en banc), cert. denied, 493 U.S. 850 (1989)). Courts consider three factors to determine whether Eleventh Amendment immunity applies to a state agency: "(1) the source of the agency's funding—i.e., whether payment of any judgment would come from the state's treasury; (2) the status of the agency under state law; and (3) the degree of autonomy from state regulation." Id. (quoting Fitchik, 873 F.2d at 659)).

New Jersey Superior Courts are subject to Eleventh Amendment immunity. Ray v. New Jersey, 219 F. Appx. 121, 124 (3rd Cir. 2007) ("the Eleventh Amendment bars [the plaintiff] from obtaining relief against this party"); Stewart v. City of Atlantic Police Department, 14-cv-4700 (NLH), 2015 WL 1034524 at * (D.N.J. Mar. 10, 2015) ("the Superior Court of Atlantic County is part of the judicial branch of New Jersey and is thus immune pursuant to the Eleventh Amendment") (citation omitted). Therefore, the Camden County Court, Criminal Division has Eleventh Amendment immunity from Plaintiff's claims for damages, and the Court will dismiss the § 1983 claims with prejudice.

7

IV. CONCLUSION

The Court will grant Plaintiff's IFP application. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, the Court will dismiss the Complaint with prejudice.

An appropriate order follows.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
